UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THOMAS GRAZIANI,

        Plaintiff,

  v.                 **DECISION AND ORDER**
                          03-CV-437S(F)
COUNTY OF ERIE, et al.,

        Defendants.

1. Plaintiff commenced this action on June 6, 2003, pursuant to 42 U.S.C. § 1983, alleging his constitutional rights were violated when his employment was terminated. Thereafter, seven scheduling orders were issued over the course of approximately six and one-half years. On June 30, 2010, after the close of discovery, Defendants filed a Motion for Summary Judgment. Three days after Plaintiff's response to the motion was due, he penned a letter to the Court, which has been filed as a motion, requesting that the Court re-open discovery and grant him additional time to respond to the summary judgment motion. Plaintiff's letter motion is now fully briefed.

2. In his motion, Plaintiff states that he "did NOT conduct any discovery" in this case and that "[t]his was purposeful for a variety of reasons." (Docket No. 74 at 3.) He now contends that the State Department of Corrections and the United States Justice Department have made findings that "tend to directly support [his] allegations." (*Id*.) Plaintiff seeks to conduct discovery in written form "based upon new information not

1

available to [him] earlier." (*Id*. at 4.) Defendants assume, and this Court agrees, that Plaintiff likely is referring to a "Findings Letter" issued by the United States Department of Justice more than one year ago, and a lawsuit related to the Findings, <u>United States v. Erie County, New York, et al.</u>, 09-CV-849, filed September 30, 2009.

3. Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56(d) (formerly Rule 56(f)), provides as follows:

> If a [plaintiff] shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to the motion], the court may:
>   (1) defer considering the motion or deny it;
>   (2) allow time to obtain affidavits or declarations or to take discovery;
>   (3) issue any other appropriate order.

Plaintiff has not met either requirement for relief under Rule 56(d); he has not filed an affidavit or declaration, and has not provided any specifics as to: (1) the discovery he would seek, (2) how that discovery is reasonably expected to create a genuine issue of fact, (3) what efforts he has made to obtain the discovery, and (4) why he was unsuccessful in those efforts. <u>Hudson River Sloop Clearwater, Inc. v. Dept. of Navy</u>, 891 F.2d 414, 422 (2d Cir. 1989); *see also*, <u>Hutt v. Hofmann</u>, 08-CV-202, 2010 U.S. Dist. LEXIS 91609, at *16-17 (D. Vt. July 29, 2010) (citations omitted).

4. A district court must ensure that "the discovery sought [is] material to the opposition of the summary judgment motion." <u>Sage Realty Corp. v. Ins. Co. of N. America</u>, 34 F.3d 124, 128 (2d Cir. 1994) (citation omitted). Here, Plaintiff has failed to show that any potential discovery "brought about" by the State Department of Corrections and the United States would reveal evidence that is material to his

termination or Defendants' summary judgment motion. Moreover, Plaintiff admits he made a strategic decision not to conduct any discovery in this case, including during the past year, when he had the opportunity to pursue the findings that purportedly "tend to directly support [his] allegations" through April 30, 2010, under the scheduling order then in place. Even were the Court to overlook Plaintiff's failure to submit an affidavit or declaration, Plaintiff's letter does not meet any of the four requirements set forth in Hudson River Sloop. And by his own admission, Plaintiff cannot meet the third and fourth requirements under any circumstances. Accordingly, Plaintiff's motion is denied to the extent he seeks to re-open discovery.

5.     Plaintiff also moves for an extension of time to respond to Defendants' motion. This Court is disturbed by Plaintiff's disingenuous suggestion that he did not receive a copy of Defendants' motion until July 24, 2010. Plaintiff's own documentation clearly confirms that the summary judgment motion was properly served at Plaintiff's residence on July 1, 2010. Although he is proceeding *pro se* in this case, it bears noting that Plaintiff is a licensed attorney.

6.     While I do not intend to suggest that Plaintiff has shown good cause for his belated request for an extension of time, the Court is inclined to grant some leeway in consideration of his *pro se* status and professed legal inexperience.

7.     Accordingly, Plaintiff's Motion (Docket No. 74) is DENIED to the extent it seeks to Re-Open Discovery, and GRANTED to the extent it seeks an Extension of Time to Respond to Defendants' Motion for Summary Judgment. Plaintiff's response is due no later than **October 1, 2010**. Defendants' reply is due no later **October 20, 2010**.

Plaintiff is cautioned that his failure to file a response to Defendants' motion may result in that motion being granted as unopposed.

SO ORDERED.

Dated: September 10, 2010
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court
